1    Donald L. Myles, Jr., Bar #007464
     Neil Singh, Bar #021327
2    **JONES, SKELTON & HOCHULI, P.L.C.**
     2901 North Central Avenue, Suite 800
3    Phoenix, Arizona 85012
     (602) 263-1743
4    dmyles@jshfirm.com
     nsingh@jshfirm.com
5
     Attorneys for Plaintiff
6
                    **UNITED STATES DISTRICT COURT**
7
                         **DISTRICT OF ARIZONA**
8
     HOMELAND INSURANCE COMPANY
9    OF NEW YORK,                              NO. 05-CV-710-TUC-FRZ

10                               Plaintiff,
                                              **PLAINTIFF HOMELAND**
11     v.                                     **INSURANCE COMPANY OF NEW**
                                              **YORK'S REPLY**
12   FIRST CORRECTIONAL MEDICAL               **TO COUNTERCLAIMANTS FIRST**
     INC.,                                    **CORRECTIONAL MEDICAL INC.**
13                                            **AND FCM-TUCSON, LLC'S**
                                 Defendant.   **COUNTERCLAIMS**
14
15   _____

16   FIRST   CORRECTIONAL   MEDICAL,
     INC.; and FCM-TUCSON, LLC.
17
                            Counterclaimants,
18
     v.
19
     HOMELAND INSURANCE COMPANY
20   OF NEW YORK,
                          Counterdefendant.
21

22

23           Plaintiff/counterclaim defendant Homeland Insurance Company of New

24   York ("Homeland") hereby answers the Counterclaims of First Correctional Medical

25   Inc. and  FCM-Tucson, LLC (collectively, "FCM") as follows:

26

## COUNTERCLAIM

1.      Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis denies the allegations.

2.      Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis denies the allegations.

3.      Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis denies the allegations.

4.      Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies the allegations.

5.      Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis denies the allegations.

6.      Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis denies the allegations.

7.      Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis denies the allegations.

8.      Homeland denies the allegations contained in Paragraph 8.

9.      Homeland denies the allegations contained in Paragraph 9.

10.      In response to the allegations contained in Paragraph 10, Homeland admits only that it compensated Marsh with a standard commission fee in

connection with the insurance policies issued to FCM.  Homeland denies the remaining allegations contained in Paragraph 10.

11.      Homeland denies the allegations contained in Paragraph 11.

12.      Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 12, and on that basis denies the allegations.  Homeland admits that it received a copy of the Notice of Claim, by facsimile, on September 13, 2005.

13.      In response to the allegations contained in Paragraph 13, Homeland admits only that, pending a complete coverage analysis and at the express request of FCM, Homeland retained Sandra Rogers of Campbell, Yost, Clare & Norell, P.C. to represent FCM's interests in connection with the Notice of Claim.  Homeland further avers that, both prior to and after retaining Ms. Rogers, Homeland expressly reserved all of its rights and defenses to deny coverage under the Policies, including on certain specified grounds, following a "written initial coverage analysis."  Homeland denies the remaining allegations contained in Paragraph 13 and specifically denies that FCM's characterization of the referenced September 15, 2005 correspondence fully and accurately sets forth the terms thereof.

14.      In response to the allegations contained in Paragraph 14, Homeland admits only that coverage counsel for Homeland sent a letter, dated November 29, 2005, to FCM and that the contents of that letter speak for themselves.

15.      Homeland is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis denies the allegations.

16.      Homeland denies the allegations contained in Paragraph 16.

17.      Homeland denies the allegations contained in Paragraph 17.

18.      Homeland denies the allegations contained in Paragraph 18,

except that Homeland admits that it has denied coverage to FCM under the Policies in connection with the Notice of Claim.

**COUNT ONE**
**BREACH OF CONTRACT**

19.     Homeland repeats and incorporates by reference herein each of the responses made in Paragraphs 1-18 above as if fully set forth herein.

20.     Paragraph 20 asserts a legal conclusion to which no response is required.   To the extent a response is deemed required, Homeland denies the allegations contained in Paragraph 20.

21.     Paragraph 21 asserts a legal conclusion to which no response is required.   To the extent a response is deemed required, Homeland denies the allegations contained in Paragraph 21.

22.     Homeland denies the allegations contained in Paragraph 22.

**COUNT TWO**
**BAD FAITH**

23.     Homeland repeats and incorporates by reference herein each of the responses made in Paragraphs 1-22 above as if fully set forth herein.

24.     Paragraph 24 asserts a legal conclusion to which no response is required.   To the extent a response is deemed required, Homeland denies the allegations contained in Paragraph 24.

25.     Homeland denies the allegations contained in Paragraph 25.

26.     Homeland denies the allegations contained in Paragraph 26.

**GENERAL DENIAL**

Homeland denies each and every allegation included in FCM's Counterclaims not specifically admitted above, including FCM's requests for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

FCM has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Coverage under the Policies  for the Notice of Claim is limited by all of the terms, conditions, exclusions, limits of liability, and deductible amounts contained within the Policies and the Application.

### Third Affirmative Defense

Coverage for the Notice of Claim is barred by Question I(3)(b)of the Application, which bars coverage for "any claim, or related claim, arising out of any fact, circumstance, situation, transaction, event, act, error, or omission that is or should have been disclosed in response to question 3(a) or 3(b)" of the Application.

### Fourth Affirmative Defense

Coverage for the Notice of Claim is barred by the Primary Policy's Prior Knowledge Exclusion, Primary Policy Section III.D.1, which provides that there is no coverage for Loss in connection with any Claim "based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged…Wrongful Act or Occurrence that happened before the Retroactive Date if applicable, or after the Retroactive Date if, on the Inception Date of this Policy, the Insured knew, had been told, should have known or had notified a prior professional liability insurer or administrator of any other risk transfer instrument that such Wrongful Act or Occurrence would or could result in a Claim."

### Fifth Affirmative Defense

Coverage for the Notice of Claim is barred by the Excess Policy's Prior Knowledge Exclusion, Excess Policy Section I.E.4, which provides that there is no coverage for any Claim "based on, arising out of, directly or indirectly resulting from,

in consequence of, or in any way involving, any fact, circumstance, event or transaction, or any series of facts, circumstances, events or transactions, about which the Insured had knowledge prior to the Inception Date of this Policy as stated in ITEM 2 of the Declarations."

**Sixth Affirmative Defense**

Coverage for the Notice of Claim is or may be barred, in whole or in part, by Endorsement No. 13 to the Primary Policy and Endorsement No. 10 to the Excess Policy, both of which provide that:

[n]o coverage will be available under this Policy for Claims based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged violation by an Insured of a prisoner's civil rights pursuant to 42 U.S.C. Sections 1983 or 1988, or any similar applicable state or federal law; provided that, subject to paragraph (2) of this endorsement, this exclusion shall not apply to the extent that any act, error or omission constituting any such alleged civil rights violation also gives rise to liability in a non-civil rights Claim for which coverage is provided under the Policy.

**Seventh Affirmative Defense**

Coverage for the Notice of Claim is barred, in whole or in part, to the extent that it constituted a known loss, known risk, or loss in progress prior to the inception of the Policies.

**Eighth Affirmative Defense**

Coverage for the Notice of Claim is barred, in whole or in part, to the extent that it is based upon, arises from, or is in consequence of any willful, intentional or bad faith conduct of the Insureds, which conduct is or may be uninsurable.

1

**Ninth Affirmative Defense**

2    Coverage for any loss arising out of the Notice of Claim is barred, in

3  whole or in part, to the extent that such loss includes punitive or exemplary damages,

4  the multiple portion of any multiplied damage award, fines, penalties, sanctions, fees,

5  or matters which are uninsurable under applicable law, which are excluded from the

6  Primary Policy's definition of "Loss" set forth in Primary Policy Section II.R.

7

**Tenth Affirmative Defense**

8    FCM is not entitled to a defense under the Policies in connection with the

9  Notice of Claim because there is no coverage under the Policies for the Notice of

10  Claim.

11

**Eleventh Affirmative Defense**

12    Coverage is barred, in whole or in part, to the extent that any liability,

13  including punitive damages, is uninsurable.

14

**Twelfth Affirmative Defense**

15    FCM is not entitled to coverage for the Notice of Claim because, among

16  other reasons, FCM has failed to comply with conditions precedent to coverage under

17  the Policies and because FCM has breached other terms and conditions of the Policies.

18

**Thirteenth Affirmative Defense**

19    Any award of punitive damages in this case would be in violation of the

20  constitutional safeguards provided to Homeland under the Constitution of the State of

21  Arizona and the Constitution of the United States.

22

**Fourteenth Affirmative Defense**

23    Homeland denies that any of its conduct would support an award of

24  punitive damages.

25

26

**Fifteenth Affirmative Defense**

FCM cannot establish a cause of action for bad faith because Homeland had a fairly debatable reason for denying coverage to FCM in connection with the Notice of Claim, and FCM has not contended, and cannot contend, that Homeland intentionally denied coverage without a founded belief that its conduct was permitted under the terms of the Policies.

**Sixteenth Affirmative Defense**

Coverage is barred, in whole or in part, to the extent that FCM has not suffered a compensable loss.

**Seventeenth Affirmative Defense**

FCM's recovery, if any, must be reduced because of its failure to mitigate its damages.

**Eighteenth Affirmative Defense**

FCM's claims are barred by the doctrines of estoppel, waiver, laches and/or unclean hands.

**Nineteenth Affirmative Defense**

FCM lacks standing to assert the Counterclaims.

**Twentieth Affirmative Defense**

Homeland reserves the right to deny coverage for the claims asserted by FCM based upon each and every applicable provision of the Policies and the Application, and as provided by law.

WHEREFORE, Homeland respectfully requests that all of FCM's Counterclaims be dismissed with prejudice, and that this Court award Homeland such other and further relief as this Court deems just and proper.

1

RESPECTFULLY SUBMITTED this 14th day of February, 2006.

2

JONES, SKELTON & HOCHULI, P.L.C.

3

4

By   s/Neil Singh

5

Donald L. Myles, Jr.
Neil Singh

6

2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012

7

Attorneys for Defendant

8

PLAINTIFF HOMELAND INSURANCE
COMPANY OF NEW YORK'S REPLY

9

TO COUNTERCLAIMANTS FIRST
CORRECTIONAL MEDICAL, INC.

10

AND FCM-TUCSON, LLC'S
COUNTERCLAIMS electronically filed/served

11

this 14th day of February, 2006, to:

12

ALL PARTIES ON ELECTRONIC
SERVICE LIST

13

14

/s/: Mica Milano

15

16

17

18

19

20

21

22

23

24

25

26

1589745_1